**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Culbertson, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> Louis Winn, ) <br> ) <br> Respondent. ) <br> ) | No. CIV-13-090-TUC-LAB <br><br> **ORDER** |

On February 12, 2013, Mark Culbertson, an inmate confined in the United States Penitentiary in Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) Culbertson claims the Bureau of Prisons (BOP) abused its discretion by refusing to admit him into the Residential Drug Treatment Program (RDAP), a substance abuse treatment program through which an inmate can shorten his sentence. *Id*.

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Doc. 9) The petition will be dismissed for lack of jurisdiction.

Summary of the Case

On August 28, 2006, the District Court for the Central District of California sentenced Culbertson to 120 months in prison for conspiracy to possess with intent to distribute methamphetamine. (Doc. 7, p. 8) Before his sentencing, Culbertson submitted a urine specimen

to pretrial services, which tested positive for methamphetamine. (Doc. 1, p. 13) Culbertson, however, chose not to discuss his previous drug use with his probation officer. *Id.*

In November of 2011, the BOP determined Culbertson did not qualify for the RDAP (Doc. 7, p. 9) Complex Warden Craig Apker explained there was insufficient information in the presentence report to prove Culbertson demonstrated a pattern of substance abuse or dependence in the year before his arrest. (Doc. 1, p. 13) Culbertson challenged this determination at all administrative levels, but he was unsuccessful. (Doc. 7, p. 2) He now appeals to this Court, arguing that the BOP's decision denying him RDAP eligibility was an abuse of discretion. (Doc. 1, p. 4)

Discussion

The BOP "has broad discretion over the entire drug-treatment process within the federal corrections system, beginning with determining which inmates ever enter substance-abuse programs." *Downey v. Crabtree,* 100 F.3d 662, 670 (9th Cir. 1996). An inmate dissatisfied with the BOP's initial determination of his treatment eligibility may seek review through the BOP's Administrative Remedy Program, which "provides a vehicle for aggrieved inmates to challenge such discretionary BOP determinations." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Culbertson apparently has done that, but he remains dissatisfied with the final decision of the BOP. He petitions this court to overturn the final decision of the BOP. This court, however, lacks the jurisdiction to do that.

The Inapplicability of the Administrative Procedure Act statute, 18 U.S.C. § 3625, exempts substantive decisions of the BOP from the judicial review provisions of the Administrative Procedure Act. *Reeb*, 636 F.3d at 1227. "Accordingly, any substantive decision by the BOP to admit a particular prisoner into the RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court." *Id.*

In this case, Culbertson argues the BOP decision denying him entry into the RDAP program was an abuse of discretion. This Court does not have jurisdiction to review that decision. Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241, filed on February 12, 2013 by Mark Culbertson is DENIED. (Doc. 1)

The Clerk is directed to prepare a judgment and close this case.

DATED this 1st day of August, 2014.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge